(17 Misc. Rep. 386)

MARBURY v. BARNET.

(Supreme Court, Appellate Term, First Department. June 22, 1896.)

1. CONTRACTS—INTERPRETATION—AGREEMENT FOR EXTENSION.
    Defendant appointed plaintiff his agent to represent him in the production of a play for which he had a contract with the owner, agreeing to pay plaintiff for her services 8 per cent. of the amount which defendant might be entitled to under the agreement with the owner, which agreement was for a period of three years. *Held*, that a subsequent extension of the agreement between defendant and the owner of the play did not extend plaintiff's employment for a like period.

2. PRINCIPAL AND AGENT—REVOCATION OF AGENCY.
    In such case defendant had the power at any time to revoke plaintiff's agency.

Appeal from Sixth district court.

Action by Elizabeth Marbury against Robert A. Barnet to recover for services alleged to have been rendered by plaintiff for defendant. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before McADAM and BISCHOFF, JJ.

Charles Fox, for appellant.
Mitchell L. Erlanger, for respondent.

McADAM, J. The action was to recover for services alleged to have been rendered by the plaintiff to the defendant under what upon their face are entitled "Articles of Agreement," made and entered into August 3, 1892. By these so-called "articles," the defendant appoints the plaintiff his sole agent and attorney to represent his interests in the production and representation of an extravaganza called "1492," under an agreement between the defendant and one Edward E. Rice, dated July 26, 1892, and to collect and receive the royalties thereunder. For the services to be rendered, the defendant agrees to pay the plaintiff 8 per cent. of the sum or sums which the defendant may be entitled to under the agreement with Rice. The last-mentioned agreement was for three years from July 26, 1892, thus terminating, by its terms, July 26, 1895. On July 20, 1893, the contract between the defendant and Rice was extended for two years from July 26, 1895; and the plaintiff claims that such extension operated to extend the agreement between her and the defendant for a like period. It is conceded that the defendant paid the plaintiff all the commissions earned under the so-called "articles" during the lifetime of the first agreement between the defendant and Rice. The suit was really to recover the commissions which would have accrued from August 3, 1895, to January 11, 1896, if the plaintiff's agreement had embraced that period. But it did not cover that period. It contemplated, at most, the existence of the agreement between the defendant and Rice to which it particularly refers, and terminated by "efflux of time and performance of the condition" (Dunl. Paley, Ag. 184); or, in other words, by the expiration of the period during which it was to exist and to have effect (Story, Ag. § 480). The

minds of the plaintiff and defendant never met respecting the extended term, and it could not have been within their contemplation at the time, because it came into existence long after the power was given, and as the result of a new understanding, with which the plaintiff has no concern. But, apart from this, the power seems one capable of revocation at any time by the donor. A letter of attorney depends, from its nature, on the will of the person making it, and may, in general, be recalled at his will; yet if he binds himself for a consideration in terms, or by the nature of his contract, not to change his will, or if the power be coupled with an interest, the law will not permit him to change it. Hunt v. Rousmanier's Adm'rs, 8 Wheat., at page 202; Story, Ag. § 463. To make the power irrevocable, there must be an interest in the subject of the agency itself, and not a mere interest in the result of the execution of the authority, such as arises from compensation for executing the power. Mansfield v. Mansfield, 6 Conn. 559; 1 Am. & Eng. Enc. Law (2d Ed.) p. 1216; Stier v. Insurance Co., 58 Fed. 843; Missouri v. Walker, 125 U. S. 339, 8 Sup. Ct. 929. So that, whether the plaintiff's power comprehended the extended agreement or not, the defendant had a right to revoke it, and effectually exercised the privilege before the period for which compensation is claimed by the plaintiff.

The "articles of agreement" upon which the plaintiff sues express no consideration, and the plaintiff in no manner obligates herself to serve thereunder for any specified time, unless it is to be inferred from the mere fact that the contract under which she was to collect the royalties extended to July 26, 1895. Even indulging this inference, which is the most favorable the plaintiff can demand, there is not the slightest ground for holding that her obligation extended beyond that period. If her duties ended at that time, so did the obligations of the defendant, and there is no theory upon which the alleged right of action can be sustained. If the plaintiff's rights attached to the extension granted, they would continue to attach to every extension thereafter made, and cease only when the defendant and Rice severed their relations.

The action, though in form for services rendered, is in fact founded on readiness to perform, and in the nature of wrongful discharge. In whatever light the matter may be viewed, it is apparent that the complaint was properly dismissed, and, as a necessary sequence, the judgment must be affirmed.