BABROWSKY v. UNITED STATES GRAND LODGE OF THE ORDER OF BRITH ABRAHAM.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. PRINCIPAL AND AGENT (§ 43*) — POWER COUPLED WITH INTEREST — REVOCATION—DEATH.

The agent of the beneficiary under a benefit certificate, having paid out various sums amounting to more than the benefit at the beneficiary's request and pursuant to her promise to repay the same out of the benefit procured from her a written power of attorney authorizing the agent to receive the benefit and receipt therefor on his behalf and retain the amount so expended. *Held*, that the agent thereby acquired a power coupled with an interest, which was therefore not revoked by the beneficiary's death.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 68; Dec. Dig. § 43.*]

2. EVIDENCE (§ 462*)—PAROL EVIDENCE—WRITTEN CONTRACT.

Where a written power of attorney authorizing the attorney to collect a benefit certificate did not purport to express the contract between the parties, parol evidence was admissible to show that the power was made to enable the attorney to reimburse himself for advancements made for the beneficiary, and was therefore a power coupled with an interest.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2137; Dec. Dig. § 462.*]

Appeal from Trial Term, Westchester County.

Action by Bernard Babrowsky, as executor of the will of Millie Greenbaum, against the United States Grand Lodge of the Order of

Brith Abraham.  Judgment for plaintiff on a directed verdict, and defendant appeals.  Reversed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Henry M. Goldfogle (Charles L. Cohn, on the brief), for appellant.
Frank A. Bennett, for respondent.

MILLER, J.  In his lifetime one Louis Greenbaum was a member of a fraternal benefit organization.  Upon his death his widow became entitled to the sum of $500, to be collected by assessments upon the members of said organization, pursuant to its endowment laws.  Thereafter, and on the 21st day of July, 1905, she gave a written power of attorney to one Morris Whitebone, authorizing him to receive said sum and to receipt therefor on her behalf.  After her death, and on December 9, 1905, the defendant paid said sum of $500 to said Whitebone.  This action is brought by her executor to recover said sum.

The defendant averred that after the death of said Greenbaum the said Whitebone paid out various sums of money, amounting to more than $500, at the request of the said widow and pursuant to her promise to repay the same out of said endowment moneys, and that said power of attorney was given pursuant to an agreement that Whitebone should collect said moneys and retain unto himself the sums thus expended.  The defendant undertook to establish said averment by proof of the verbal agreement pursuant to which the power of attorney was given; but the evidence was excluded.  We must assume that the evidence excluded would have tended to prove the truth of the averment.  It was excluded on the ground that the writing could not be varied or enlarged by proof of the anterior verbal arrangements.  Two questions are presented upon this appeal: (1) Was the power of attorney, assuming it to have been given for the purpose and pursuant to the agreement as averred, revoked by the death of the creator of the power?  (2) Was it competent to show the verbal arrangement pursuant to which it was given?

1. Assuming the power of attorney to have been given as security for the payment of money, and pursuant to an agreement that the money collected under it should be retained by the agent to apply on the debt owing him by the creator of the power, we think it was a power coupled with an interest, which survived the death of the creator thereof.  The transaction was, in effect, an assignment of the fund collected by the defendant pursuant to its endowment laws for the benefit of the creator of the power.  The distinction is made in Hunt v. Rousmanier, 8 Wheat. 174, 5 L. Ed. 589, between an interest in the subject on which the power is to be exercised and an interest in that which is produced by the exercise of the power; it being held that in the former case the power survives the death of the creator, but that in the latter case it does not, though given for a consideration, the reason being that an act cannot be performed for and in the name of a person after his death.  In that case, the subject upon which the power was to be exercised was a vessel; and the court held that as the agent was given no interest in the vessel itself, but only an interest in the proceeds to

be realized from the sale of the vessel, he could not sell the vessel for and in the name of his principal after the latter's death. Now, in this case, the subject was the fund which the agent was authorized to receive; and the transaction was, as we have said, a virtual assignment of that fund. We do not understand the plaintiff to question the proposition that, if the power was coupled with an interest in the subject upon which it was to be exercised, it survived the death of the creator. See, on this head, in addition to the case cited supra, Knapp v. Alvord, 10 Paige, 205, 40 Am. Dec. 241, Terwilliger v. Ontario, C. & S. R. R. Co., 149 N. Y. 86, 43 N. E. 432, Stephens v. Sessa, 50 App. Div. 547, 64 N. Y. Supp. 28, Hoffman v. Union Dime Savings Institution, 95 App. Div. 329, 88 N. Y. Supp. 686, and 109 App. Div. 24, 95 N. Y. Supp. 1045.

2. We think it was competent to show the agreement pursuant to which the power of attorney was given. The written instrument does not purport to express the contract between the parties. If the contract was as claimed by the defendant, the writing was given in part performance thereof, and the rule excluding evidence of the verbal arrangements anterior to the written contract does not apply. The case of Hoffman v. Union Dime Savings Institution, supra, is directly in point on this head. See, also, Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961.

Judgment is reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.