ELIZABETH A. FRENCH, Appellant, *v.* THE KENSICO CEMETERY, Respondent.*

Second Department, July 6, 1942.

*Joel Mencher* [*Sidney Goldstein* with him on the brief], for the appellant.

*Henry R. Barrett, Jr.,* for the respondent.

TAYLOR, J. Defendant maintains a high-class cemetery in the town of Mount Pleasant, Westchester county, N. Y. On March 3, 1927, plaintiff purchased a cemetery plot from defendant, and four months later erected thereon a mausoleum. On September 17, 1927, she purchased an additional lot, and another one on April 9, 1928, to round out the original plot. After the erection of the mausoleum, plaintiff caused to be placed therein the remains of members of her family, which were removed from burial places elsewhere. There have been no other interments in the mausoleum. Plaintiff is the sole remaining member of her family. Between 1927 and June, 1931, plaintiff paid defendant various amounts for the care and maintenance of the enlarged plot and

*Affg. 177 Misc. 395.

mausoleum. On June 25, 1931, plaintiff paid to defendant $5,000, receiving therefor a writing signed by the defendant, reading: " The Kensico Cemetery hereby acknowledges the receipt of Five Thousand Dollars from Miss Elizabeth A. French, and agrees to invest on bond-mortgage or other interest-bearing securities as the Directors of the said Corporation shall in their discretion deem to be best for that purpose, and to apply the income arising therefrom to the cleaning, preservation and repairing when necessary of my mausoleum; keeping a first-class lawn on my plot at all times, reseeding when necessary, and fertilizing each and every year; care of all trees and shrubs and replacement of any trees or shrubs when necessary," followed by numbers of lots and section. On July 25, 1939, plaintiff delivered to the defendant a written demand for the return of the $5,000, and defendant refused to return the money. The demand read: " I hereby revoke and vitiate the purpose of the fund heretofore deposited with you by me in June, 1931, and request that the Five thousand ($5000.00) Dollars deposited with you be returned to me."

The facts above stated were alleged in the complaint, in which plaintiff further averred that the " deposit " was made with the defendant " to avoid the necessity of making the annual payments " made theretofore for maintaining the plot and the mausoleum, and that the money received by defendant from plaintiff " has been invested in securities and that the income arising therefrom has been used for the purposes enumerated " in the writing (supra) signed by defendant.

Judgment was demanded for the return of the $5,000, with interest from the date of the demand of return, or, in the alternative, for delivery of the securities in which the fund was invested, with accumulated interest and dividends from the same date.

In view of the agreed facts, the admission and denials in the answer are immaterial. Defendant as a first defense pleads in effect that the writing signed by it was a " trust agreement " and further

" Ninth. That the provision made by plaintiff in said receipt and trust agreement for the perpetual care and maintenance of her lot and mausoleum is of beneficial interest not only to the remains of the persons now interred and to be interred in said mausoleum on said plot, but also to defendant and other lot owners in The Kensico Cemetery in that deterioration of the lot and mausoleum will be prevented and adjoining lots and lot owners will be protected from damage from such deterioration and also in that the appearance and neatness of plaintiff's lot and mausoleum enhances the value not only of defendant's property generally,

but also that of owners of lots in other portions of said cemetery and particularly those lots adjoining plaintiff's lot.

" *Tenth.* That the acceptance by the defendant of the $5,000 given to it by the plaintiff on June 25, 1931, and the delivery by the defendant to the plaintiff of the aforesaid receipt and trust agreement created an irrevocable trust and no written consent of all of the parties beneficially interested therein has been obtained."

The suggestion that the receipt " created an irrevocable trust " involves a conclusion of the pleader. Other defenses not here material are also pleaded. In our view, the arrangement between the parties did not create a trust; but, assuming that it did and that plaintiff could revoke the trust, this action, as pointed out by the trial justice, would be inappropriate for plaintiff's remedy would lie in an action for an accounting. (*Neary* v. *City Bank Farmers Trust Co.*, 260 App. Div. 791, 793.) The payment of the $5,000 by the plaintiff to the defendant, as matter of law, did not create a trust. (Cf. *Kahlmeyer* v. *Green-Wood Cemetery*, 175 Misc. 187; modfd., 261 App. Div. 950.)

Our conclusion is that the delivery of the money and the giving of the receipt constituted an agreement which created an agency (or a power) coupled with an interest in defendant, and that if the agreement was founded on a sufficient consideration, it is irrevocable by plaintiff. The consideration moving from defendant was its undertaking to relieve plaintiff of the trouble and annoyance of attending to the care and maintenance of the property. This is conceded by the plaintiff in her brief. It is not questioned that the burden of care and maintenance was hers. She claims that the agreement was " terminable at the will of either party." This is not inferable from the agreement.

Defendant's interest in the performance of the agreement is that if it is not performed as long as there is need for care and maintenance, defendant will be obliged to carry that burden, since no well-managed cemetery could depreciate its property and that of other lot owners by having on its premises a mausoleum in process of falling into decay and ruin upon a considerable plot, with grass uncared for and running to weeds.

It is the public policy of the State that cemeteries and structures thereon shall be kept in proper condition and appearance. This policy is reflected in sections 76 and 87 of the Membership Corporations Law.

In our opinion, the delivery of the money and the giving of the receipt created in the defendant an agency coupled with an interest, irrevocable so long as the need for care and maintenance of the plot and the mausoleum continues to exist. That need is mani-

festly a permanent one. If plaintiff should be permitted to revoke the agency and to obtain the return of the money, defendant would be compelled to assume the duty of care and maintenance in its own interest. An agency may not be revoked where revocation would subject the agent to liability without fault on his part. (*Terwilliger* v. *Ontario, C. & S. R. R. Co.*, 149 N. Y. 86, 92; *Gelpcke* v. *Quentell*, 74 id. 599, 600, 601; *Assets Realization Co.* v. *Roth*, 226 id. 370, 376; *Matousek* v. *Bank of Europe Trust Co.*, 234 App. Div. 328, 331.)

The judgment should be affirmed, with costs.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ.

Judgment unanimously affirmed, with costs.