ELIZABETH A. FRENCH, Appellant, *v.* KENSICO CEMETERY,
Respondent.

Argued June 10, 1943; decided July 20, 1943.

*Sidney L. Garwin* and *Joel Mencher* for appellant. Unless the contract created an agency coupled with an interest this agreement was terminable at the will of appellant. But, as respondent never had an interest in the subject matter, there could not be an agency coupled with an interest. Therefore, the contract created a simple agency. (*Kahlmeyer* v. *Greenwood Cemetery,* 175 Misc. 167, 261 App. Div. 950, 287 N. Y. 787; *Smith* v. *City of Providence,* 63 R. I. 333; *Hein* v. *Nee,* 40 F. Supp. 594; *McKenzie* v. *Harrison,* 120 N. Y. 260; *Gray* v. *Barton,* 55 N. Y. 68; *Terwilliger* v. *Ontario, C. S. R. R. Co.,* 149 N. Y. 86; *Kerr S. S. Co.* v. *Kerr Navigation Corp.,* 113 Misc. 56; *Taylor* v. *Burns,* 203 U. S. 120; *Hunt* v. *Rousmanier,* 8 Wheat. 174.) A cemetery has power to acquire property and use the income therefrom for the care and preservation of a cemetery plot or structure for an indefinite or limited period of time acting as agent for the principal in caring for and preserving the cemetery plot of the principal. (Membership Corporation Law, § 76; *Kahlmeyer* v. *Greenwood Cemetery,* 175 Misc. 167, 261 App. Div. 950, 287 N. Y. 787.) Public policy does not necessitate the care and preservation of the cemetery plot. (*Read* v. *Williams,* 125 N. Y. 560; *Matter of De Witt,* 113 App. Div. 790, 188 N. Y. 567; *Matter of Waldron,* 57 Misc. 275; *Matter of Mendel,* 140 Misc. 719; *Matter of Adler,* 165 Misc. 806; *Matter of Opdyke,* 230 App. Div. 290; *Matter of Voelkler,* 158 Misc. 97; *Matter of Cohen,* 270 N. Y. 383; *Matter of Gund* v. *Commr. of Internal Revenue,* 113 F. 2d 61; *Allegheny College* v. *National Chautauqua County Bank,* 246 N. Y. 369.) If the agreement between the parties constituted a trust agreement, then the same may be revoked by the settlor, when the settlor and beneficiary is the same person. (*Smith* v. *Title Guar. & Tr. Co.,* 262 App. Div. 211; *Cram* v. *Walker,* 173 App. Div. 804; *O'Hagan* v. *Kracke,* 165 Misc. 4; *Aranti* v. *Bankers Trust Co.,* 201 App. Div. 706; *Faulkner* v. *Irving Trust Co.,* 231 App. Div. 87; *Lee* v. *Taylor,* 186 App. Div. 199; *Phelps* v. *Thompson,* 119 Misc. 875; *Matter of Adler,* 165 Misc. 806; *Matter of Mendel,* 140 Misc. 719.)

*Henry R. Barrett, Jr.,* for respondent. The agreement for the perpetual care of plaintiff's lot and mausoleum created a charitable trust which may not be revoked by plaintiff. (*International Fuel & Iron Corp.* v. *Donner S. Co.,* 221 App. Div. 253; *Symmers* v. *Carroll,* 207 N. Y. 632; *Gillies* v. *Gillies,* 239 App. Div. 582; Restatement of the Law of Trusts, §§23, 24; *Leggett* v. *Perkins,* 2 N. Y. 297; *Moore* v. *Hegeman,* 72 N. Y. 376; *Mee* v. *Gordon,* 187 N. Y. 400; *Tobias* v. *Ketchum,* 32 N. Y. 319; *Matter of Blasius,* 134 Misc. 753; *Matter of Arnolt,* 127 Misc. 579; *Matter of Braasch,* 206 App. Div. 96; *Associate Alumni* v. *Theological Seminary,* 163 N. Y. 417; *Matter of Swan,* 237 App. Div. 454.)

*Per Curiam.* The intention of the parties is clear that the defendant should accept the fund and invest it in interest-bearing securities and apply the income for the perpetual care of a burial plot. No purpose is served by attempted classification of the relationship created by the agreement of the parties. An agreement or a trust for such purpose is valid and enforcible under our statutes. (Personal Property Law, § 13-a; Membership Corporation Law, § 76; Surrogate's Court Act, § 314.)

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, CONWAY, DESMOND and THACHER, JJ., concur; LEWIS, J., taking no part.

Judgment affirmed.