BERNARD R. LIEBERMAN, Respondent, *v.* LUCILLE E. CHANCE, Appellant, et al., Defendants.

First Department, November 20, 1951.

APPEAL from a judgment of the Supreme Court in favor of plaintiff, entered December 29, 1950, in Bronx County, upon a decision of the court at Special Term (McGEEHAN, J.).

*Lucille E. Chance* of counsel (*Chance & Grey*, attorneys), for appellant.

*Samuel Weisman* of counsel (*Nathan L. Lieberman,* attorney), for respondent.

DORE, J.  By the judgment appealed from plaintiff, an attorney, has been declared lawful owner and the only one entitled to possession of four United States Government bonds of the total value of $3,025 and defendant-appellant Chance, also an attorney, has been declared to have no interest in or any lien on the bonds.

The basis of plaintiff's claim is that for an alleged valuable consideration, claimed services as attorney to one Doctor Cyril B. Babb, defendant in a criminal action in the Court of General Sessions, Babb on April 18, 1949, gave plaintiff an assignment in writing of the bonds.  At the time of the assignment, plaintiff knew the bonds had been placed with a surety company as collateral for Doctor Babb's bail.

Long before the assignment to plaintiff was delivered, defendant Chance had procured Babb's release from jail after his arrest and Babb came to her office where he retained her and her associate, Vernal J. Williams, also an attorney, to represent him in the criminal action against him and delivered the bonds in question into her possession for the purpose of depositing them with a surety company as collateral security for Babb's bail bond.  On December 8, 1948, she so deposited the bonds in question with the surety company solely as collateral and received from the surety a receipt for the bonds to her as "owner" providing that, on the surety's discharge, the bonds were to be returned to the party then designated as owner. This receipt she signed as attorney for the owner.

On December 22, 1948, in connection with the same transaction, Babb gave defendant Chance a duly acknowledged power of attorney to convert the bonds in question into cash when they were released and on the same date gave her power to sell or dispose of the bonds and from the proceeds of the sale to pay one Doctor Godfrey Nurse the sum of $1,250 which Nurse concededly

had advanced as a loan to Babb. The credible testimony establishes that Babb directed that from the proceeds of the bonds Nurse was to be repaid his unpaid loan and Chance and her associate attorney, Vernal J. Williams, were to be paid for the services they were retained to render Babb in the criminal action.

Chance and Williams did appear for and represent Babb in a three-day trial in the Court of General Sessions. At the close of the People's case, Babb pleaded guilty, was sentenced and is in the custody of the Warden of Sing Sing Prison. He appeared and testified at this trial. Plaintiff had advised Babb to plead guilty before trial and says his advice was better than defendant's. Apart from that the record shows plaintiff did practically nothing for Babb. For such " valuable services " in addition to the bonds valued at $3,025, plaintiff admits that he sold Babb's Cadillac car and received the proceeds, the sum of $800.

After reviewing the evidence we reach the conclusion that the judgment is erroneous and in the interest of justice, should be reversed. The learned trial court properly decided that the oral assignment claimed by defendant Chance was not effective. But the written assignment on which plaintiff relies, is subsequent to the documents above referred to; defendant's power of attorney was obviously coupled with an interest; and reading these documents together in the light of the credible evidence at the trial, defendant Chance had an attorney's lien of which she could not have been deprived by plaintiff's subsequent assignment.

Defendant Hanley, Clerk of the Supreme Court, Bronx County, is not an appellant; he merely held the bonds in his custody as clerk of the court when surrendered to him by the surety company after its discharge.

The judgment appealed from should be reversed, the complaint dismissed, with trial costs and costs on this appeal; and defendant Chance should be held to have a lien on the bonds for the purposes indicated above. If plaintiff Lieberman is in possession of the bonds, he is directed as plaintiff herein and as an attorney at law to surrender such possession to defendant Chance who will hold the bonds subject to the claims of Doctor Nurse and attorney Williams and to the interest, if any, of one Edward Fitzherbert Babb of 123 West 118th Street, Doctor Babb's son, whose name appears on three of the bonds; if plaintiff has already sold the bonds he is directed to turn over to defendant Chance the cash proceeds and any interest thereon, to be held subject to the rights and claims above indicated. Find-

ings of fact and conclusions of law of the trial court inconsistent herewith are hereby reversed and appropriate findings directed to be submitted in accordance with this opinion. Settle order.

PECK, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed, with costs to the appellant and the complaint dismissed, with costs, and the defendant Chance held to have a lien on the bonds. Findings of fact and conclusions of law inconsistent with the opinion herein are reversed and appropriate findings directed to be submitted in accordance with said opinion. Settle order on notice.