MILDRED F. McNERNEY et al., Respondents, *v.* ÆTNA LIFE INSURANCE COMPANY, Appellant, et al., Defendants.

Fourth Department, April 28, 1954.

*Gustav Blaustein* for appellant.

*Sidney B. Coulter* for respondents.

VAUGHAN, J. P. Defendant, the Ætna Life Insurance Company, appeals from an order of Onondaga County Special Term denying its motion for summary judgment dismissing plaintiff's complaint. The action is on two life insurance policies, brought by the named beneficiaries of the insured, one William J. McNerney, deceased.

The complaint states two causes of action, one on a policy in the face amount of $17,000, and the other on a policy in the face amount of $8,000. As the controlling considerations are the same in both cases, we may treat the two causes of action as one. Both policies were issued by the defendant insurance company on September 27, 1924, to William J. McNerney and were thereafter assigned by separate assignments, the one covering policy for $17,000 on February 10, 1941, the other covering policy for $8,000 on September 24, 1940, as collateral security for a loan, to the First Trust and Deposit Company. At the time of the assignments, the insured was unquestionably competent. (First Trust, hereafter referred to as the bank, is a defendant in the action but not a party to this appeal. Its rights are therefore not determined.) The instruments of assignment or pledge conferred upon the bank '' The sole right, without notice to or assent by the insured or beneficiary, to surrender the policy and to receive the surrender value thereof at any time that such surrender value is available.''

Insured was indebted to the bank on three notes. The first of these, in a sum exceeding $14,000 fell due on October 7, 1948. On October 27, 1948, the bank surrendered the insurance policies to Ætna Life and applied the total cash surrender value of $11,275 in part payment of the first note. It is settled that the pledgee of an insurance policy in good faith and for a valuable consideration may apply the cash surrender value to the satisfaction of the debt secured, and that the rights of a nonconsenting beneficiary are inferior in this respect. (*Davis* v. *Modern Ind. Bank,* 279 N. Y. 405.) To overcome the effect of this rule, the complaint alleges: '' That the surrender of said policy by the defendant, First Trust & Deposit Company, was done at the request of said William J. McNerney but that said William J. McNerney was then of unsound mind, memory and understanding and legally incapable of surrendering said policy or accepting or consenting to or authorizing the surrender or cancellation thereof, in any manner whatsoever.'' The complaint concludes with a demand for a declaratory judgment that the policies were in full effect on November 17, 1948, when the insured died, and for a money judgment in the face amount of the policies. Plaintiff's bill of particulars reveals that insured was never judicially declared incompetent.

After serving an answer which relied on the assignments, Ætna Life moved for summary judgment. It appears that no one representing Ætna Life had any personal contact with

McNerney concerning the surrender, and that the entire transaction was carried on with an agent of the bank. Ætna Life accepted the surrender of the policies in good faith and without any actual or constructive knowledge or notice that assured was suffering from mental incompetency.

Plaintiff's position is that the bank's right to take the cash value under the assignment is irrelevant because, it is said, the bank did not exercise such right but acted as agent and under the direction of deceased, and that his alleged incompetency renders the surrender voidable. The court below accepted this view of the case, and denied the motion on the ground that triable issues of fact were raised as to the questions of agency and competency. We do not agree.

In *New York Life Ins. Co.* v. *Federal Nat. Bank* (151 F. 2d 537, certiorari denied 327 U. S. 778) the beneficiary attempted to recover the proceeds of the policy on the ground that an assignment thereof by the insured was void because of the latter's insanity. In good faith and without knowledge of the insanity, the insurance company had paid the assignee. In granting judgment to the insurance company, the court stated (p. 539) : " No case has been cited, and our search has failed to reveal one, which has compelled an insurance company to pay a policy a second time when in good faith it has paid the amount of the policy to a new beneficiary or to an assignee, on the ground that the assignment or the change in beneficiary was void because of lack of mental capacity of the insured at the time the change was made, and that is so even though the original beneficiary did not join in the application for change of beneficiary or in the application for the assignment of the policy." We think this rule governs the present case. To defendant it was a perfectly natural transaction for the bank to exercise the power which deceased had conferred upon it, and there was no cause for inquiry. Moreover, the transaction relates to absolute assignments in which the only two parties involved are the bank and the appellant.

Furthermore, it is doubtful whether the bank can be regarded as insured's " agent " in surrendering the policies, which it had an undoubted right to do on its own account and without his consent; but even assuming that some sort of agency relationship existed between the parties, that cannot assist plaintiffs. An accurate statement of the law on this point is found in Huffcut on Agency ( [2d Ed.], pp. 84–85) : " The after-occurring insanity of the principal or agent, like his death, terminates the

agency. And if his insanity has been judicially declared, the decree of the court will be regarded as notice, and the revocation will operate upon all persons, whether or not they have actual knowledge of the insanity. But if the principal has not been formally adjudged insane, persons who, in ignorance of the insanity, deal with the agent, are protected. This, upon the theory that while both principal and third person are innocent and free from blame, the principal, by conferring the original authority, had made the wrong possible, and he must therefore bear the loss. In accordance with the general rule, if the agent's authority is coupled with an interest, the principal's insanity does not terminate the agency.'' (See *Merritt* v. *Merritt,* 27 App. Div. 208.) Thus, the only effect of the principal's insanity is to suspend the agency and relieve him from vicarious responsibility. If the agency is suspended, the surrender of the policies is the bank's own act, and the insured's incompetency is immaterial. In fact, however, the agency is not suspended, for it is coupled with an interest (*Hutchins* v. *Hebbard,* 34 N. Y. 24; *Stevens* v. *Sessa,* 50 App. Div 547; *Babrowsky* v. *United States Grand Lodge,* 129 App. Div. 695; *Knapp* v. *Alvord,* 10 Paige Ch. 205.) '' If a power is given as security for a debt and the property which is the subject-matter of the power is delivered or assigned with the power to the creditor as a part of the same transaction, the power is coupled with an interest in the hands of the creditor and is irrevocable.'' (*Matter of Tabbagh,* 167 Misc. 156, 160.) The bank's power to take the cash value of the policies was, therefore, irrevocable. Vicarious responsibility follows as a matter of course. In short, there is no way known to the law by which a man may adopt the act of an agent in order to make it his own, and then reject the act because of his incompetency. If he is incompetent, either he has no agent, or, as in the case of a power coupled with an interest, his incompetency is irrelevant. In our opinion, no triable issues were presented, whether the bank in surrendering the policies acted in its own behalf as assignee or as agent of the assured and as to the assured's mental capacity.

For the foregoing reasons, we feel the order appealed from should be reversed, and appellant have summary judgment dismissing the complaint.

All concur. Present — VAUGHAN, J. P., KIMBALL, PIPER and WHEELER, JJ.

Order reversed on the law, without costs of this appeal to any party, and motion granted, without costs.