Robert Doscher, J.
This is an action by a religious corporation for a judgment declaring that a certain contract entered into with defendant, a membership corporation operating a cemetery, constitutes a valid, binding agreement enforcible against defendant. Defendant, in its answer, admits the execution of the agreement as part of a settlement and compromise of differences and disputes between the parties. Defendant sets up two affirmative defenses, to wit, that plaintiff is bound by *1058 the charges approved by the Cemetery Board under article IX of the Membership Corporations Law, as revised by chapter 533 of the Laws of 1949, and that the agreement, sought to be declared valid and binding, contained no provision for its duration and, hence, was terminable at will.
After issue was joined, plaintiff moved for judgment on the pleadings, pursuant to rule 112 of the Buies of Civil Practice. Defendant joined in the request that judgment be granted according to the pleadings. The Attorney-General, appearing for the Cemetery Board, has argued and filed a memorandum in support of the defendant’s position.
The facts, as gleaned from the pleadings, are comparatively simple. Prior to December 20, 1939, plaintiff had burial rights in defendant’s cemetery. Also prior to December 20, 1939, differences arose between plaintiff and defendant regarding maintenance charges. These differences were settled, on or about that date, by an agreement (which is the subject of this suit) and the delivery of a deed conveying exclusive burial rights in that part of the cemetery therein described. The agreement set up specified charges for certain work.
In 1949 the Legislature enacted chapter 533 of the Laws of 1949 and made it effective September 1, 1949. That chapter was adopted under the police power of the State to cure abuses then existing. It created a Cemetery Board with wide powers. Under the provisions of that law, the Cemetery Board, on March 21, 1957, approved the request of the defendant to increase its service charges for grave openings and “ special care ” (a term neither clear nor defined by the pleadings).
At least with respect to grave openings, the charges approved by the Cemetery Board were greater than those fixed in the agreement of December 20, 1939. When defendant imposed, or attempted to impose, them upon plaintiff, this action was commenced.
If both parties to the agreement of December 20, 1939, were and are, subject to the provisions of article IX of the Membership Corporations Law, the terms of the agreement would be subject to such changes as may be made by law. The operation of a cemetery is impressed with a public purpose and any contract relating thereto may be deemed to implicitly contain a clause making the terms subject to future modification by operation of law (Diamant v. Mount Pleasant Westchester Cemetery Corp., 10 A D 2d 404; Grove Hill Realty Co. v. Ferncliff Cemetery Assn., 7 N Y 2d 403; Keith v. Maple Grove Cemetery Assn., 208 Misc. 217).
*1059 In the case at bar, however, by legislative fiat, the plaintiff is expressly excluded from the operation of the law (Membership Corporations Law, § 71). The legislative intent to exclude religious corporations generally becomes crystal clear when consideration is given to the fact that the only portion of article IX of the Membership Corporations Law that may apply (§92) is limited to a “ religious corporation having charge and control of a cemetery”. Generally religious corporations do not, and in particular plaintiff does not, have “ charge and control of a cemetery ’ ’. The provisions of article IX of the Membership Corporations Law are not implicitly included, as to plaintiff, in the agreement of December 20,1939. Without such inclusion, defendant can make no changes in its charges by virtue of any order of the Cemetery Board.
Defendant also claims that the agreement of December 20, 1939, is terminable at will because it has no date of duration specified therein. Generally, a contract calling for continuing performance and containing no provision for its duration is terminable at the will of either party (Watson v. Gugino, 204 N. Y. 535; Martin v. New York Life Ins. Co., 148 N. Y. 117; Cronk v. Vogt’s Ice Cream, 15 N. Y. S. 2d 649). The contract involved in this case, however, is not a general one. It does not cover agency, employment, the sale of commodities or similar everyday business transactions. The public policy of this State has been, and still is, to require of cemetery corporations the maintenance of its property in proper condition and appearance (French v. Kensico Cemetery, 264 App. Div. 617, affd. 291 N. Y. 77; People ex rel. Woodlawn Cemetery v. Chambers, 91 N. Y. S. 2d 774). This requirement, of necessity, imposes an obligation on the cemetery corporation in perpetuity. The contract now before the court deals, at least in part, with maintenance. Surely, plaintiff could not relieve itself of its contractual obligation to pay for the maintenance. What plaintiff could not do, defendant may not be permitted to do.
The intent of this contract is that it continue in perpetuity. If defendant made a poor bargain in 1939, the court, in 1960, may not reform it any more than if the purchasing power of the dollar increased in 1960 over that of 1939, the court could relieve plaintiff of its obligation. Once there be found an intent to have part of the contract of perpetual duration, the balance must be of like duration.
The motion of plaintiff will be granted and judgment decreed as prayed for in the complaint.