OPINION OF THE COURT
Michael A. Telesca, S.
The Town of Penfield has brought this proceeding to compel *234 the executor to judicially settle his account and to pay to the town $2,000 for the perpetual care of certain family burial plots as provided in paragraph "sixth” of the will. The attorney for the executor contends that at the time the will was drafted and executed, the testator did not know the family burial plots were controlled and maintained by the Town of Penfield and that if he had known this, he would not have made the bequest for perpetual care. Paragraph "sixth” of the will provides as follows: "sixth: I give and bequeath the sum of two thousand dollars, ($2,000) to the Smith’s Cemetery Association of Penfield, New York, to be used by them for the perpetual care of my burial plot and for those of my parents.”
The testator executed his will on May 11, 1976. He died on January 13, 1977 and his will was admitted to probate on March 22, 1977. According to the testator’s attorney, during the week of May 10, 1976 "his office” contacted a caretaker of the cemetery to obtain the proper designation to be used in the will with respect to the provisions for perpetual care. The information was, of course, incorrect since the Town of Pen-field had acquired title to the cemetery in May, 1968. Since then, the cemetery has been maintained by the town.
Two questions are raised: (1) Should paragraph "sixth” be set aside because of the alleged mistake? and (2) If not, what restrictions, if any, should be imposed upon the town with respect to the disposition and use of the funds?
Considering first the incorrect designation of the beneficiary in paragraph "sixth”, EPTL 8-1.5 expressly provides that "[Dispositions of property in trust for the perpetual care * * * of * * * private burial lots in cemeteries * * * are permitted and shall be deemed to be for charitable and benevolent purposes. Such dispositions are not invalid by reason of any indefiniteness or uncertainty of the persons designated as beneficiaries”. Consequently, the provisions contained on the face of the will may be carried out. Furthermore, where the language used by the testator is clear and his intent can be ascertained from the will itself, extrinsic evidence is not admissible to defeat the bequest. (Matter of Smith, 254 NY 283; Matter of Storrs, 18 Mise 2d 941; Matter of Jones, 48 Mise 2d 358; and Matter of Service, 49 Mise 2d 399.) The testator’s intent to provide for the perpetual care of the family grave lots is clear and unambiguous and it is unnecessary to speculate on whether he would have made the *235 same or some different provision if he knew that the town owned and administered the cemetery.
A town may accept and hold trust funds for the perpetual care of private burial lots in a town cemetery. (Town Law, §§ 290, 291; 11 Opns St Comp, 1955, p 520; also 26 Opns St Comp, 1970, p 181.) Furthermore, perpetual care funds held by a town are subject to restrictions upon their use, they must be held as trust funds, and may not be used to acquire additional land. (19 Opns St Comp, 1963, p 203; French v Kensico Cemetery, 264 App Div 617, 619, affd 291 NY 77.) Funds transferred to a town by a cemetery corporation are subject to all of the trust agreements and restrictions upon their use which existed prior to the transfer. (19 Opns St Comp, 1963, p 99; Membership Corporations Law, § 79-a.) Thus the transfer of the cemetery and its assets to the town in 1968 did not effect a change in the substance of the relationship between the parties involved.
The answer to the second question seems evident. The funds to be paid to the Town of Penfield should be restricted as follows: they are to be held by the town as a separate trust fund to be used exclusively to defray the cost of care and upkeep of the family burial plots of the testator and his parents. It is to be understood that none of the funds are to be used by the town for general cemetery purposes or any other purpose except as herein indicated. Once the town has filed an appropriate town board resolution with this court that it is willing and able to carry out the terms of the bequest as construed by this court, the executor is directed to remit payment of the legacy. Failing to do so, the funds in question will pass through and be distributed in accordance with the terms of the residuary clause of the will. The Town of Penfield shall indicate its acceptance or rejection of the terms of this decision within 60 days of the date of this decision.