In an action, inter alia, to recover damages for breach of contract, the plaintiffs Larry S. Frankel, as legal guardian for Jerome Frankel, and Barbara Brown appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Cullen, J.), entered September 29, 2008, as denied those branches of their motion, made jointly with the plaintiff Lillian Cowan, which were pursuant to CPLR 3217 to voluntarily discontinue the action without prejudice insofar as commenced on their behalf, and to impose sanctions upon nonparty Mazzei and Blair.
Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion which was pursuant to CPLR 3217 to voluntarily discontinue the action without prejudice insofar as commenced on behalf of the plaintiff Barbara Brown and substituting therefor a provision granting that branch of the motion, and (2) by adding the words “without prejudice to renewal” after the provision thereof denying that branch of the motion which was pursuant to CPLR 3217 to voluntarily discontinue the action without prejudice insofar as commenced on behalf of the plaintiff Larry S. Frankel, as legal guardian for Jerome Frankel; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
This matter involves an attempt by the plaintiffs Larry S. Frankel, as legal guardian for Jerome Frankel, Lillian Cowan, and Barbara Brown (hereinafter collectively the individual plaintiffs) to recover funds relating to unredeemed state and municipal bonds which were allegedly purchased through the defendants.
The plaintiff Unclaimed Property Recovery Service, Inc. (hereinafter UPRS), purports to be in the business of locating *666 unclaimed assets and recovering such assets on behalf of their owner, earning its fee as a percentage of the recovery. The plaintiff Bernard Gelb is a principal of UPRS. UPRS entered into asset recovery agreements with the individual plaintiffs to recover undisclosed assets in exchange for a fee in the amount of 20% of the value of any recovery. In 2001 and 2002, the individual plaintiffs each signed a document, designated as a “Limited Power of Attorney” (hereinafter collectively the powers of attorney) which appointed UPRS as attorney-in-fact to seek full recovery of specific unredeemed bonds alleged to have been purchased through the defendants. The powers of attorney each recited that the power was “irrevocable.”
In January 2006 the individual plaintiffs each signed an “Attorney Representation Agreement” appointing Norman A. Kaplan as their attorney-at-law to recover the unclaimed funds allegedly held by the defendants. On January 31, 2006, Kaplan commenced an action (hereinafter the federal action) in the United States District Court for the Eastern District of New York (hereinafter the District Court) on behalf of the individual plaintiffs, UPRS, and Gelb, seeking to recover the alleged unclaimed funds (see Frankel v Cole, 2007 WL 2683673, 2007 US Dist LEXIS 66409 [ED NY 2007], vacated and remanded 313 Fed Appx 418 [2d Cir 2009]). The complaint in the federal action alleged violations of the federal Racketeer Influenced and Corrupt Organizations Act (hereinafter RICO) (see 18 USC § 1962).
On September 7, 2007, the District Court held that the RICO cause of action was barred by the statute of limitations (see Frankel v Cole, 2007 WL 2683673, *6, 2007 US Dist LEXIS 66409, *19 [2007]; see also 28 USC § 1367 [c] [3]). The plaintiffs in the federal action appealed the District Court’s determination to the United States Court of Appeals for the Second Circuit (hereinafter the Second Circuit) (see Frankel v Cole, 313 Fed Appx 418 [2009]).
While the appeal was pending before the Second Circuit, Gelb and UPRS, purportedly acting pursuant to the powers of attorney, retained the law firm of Mazzei and Blair (hereinafter M & B) to represent them, as well as the individual plaintiffs, in recovering the assets. Gelb, on his own behalf and on behalf of UPRS, also signed a consent to change attorney in the federal action, substituting M & B for Kaplan. On December 31, 2007, Brown signed a document entitled “Notice of Cancellation of Power of Attorney,” which purported to revoke any and all powers of attorney previously given by her to UPRS or Gelb. Larry S. Frankel (hereinafter Frankel) signed a similar revocation on March 17, 2008.
*667 On or about January 23, 2008, M & B moved in the Second Circuit to withdraw the appeal on behalf of all of the plaintiffs in the federal action. Kaplan opposed the motion on behalf of the individual plaintiffs. While the motion to withdraw was pending before the Second Circuit, M & B commenced the instant action in the Supreme Court, Queens County (hereinafter the state action), on behalf of the individual plaintiffs, UPRS, and Gelb. On April 9, 2008, the Second Circuit granted M & B’s motion in part, stating, in pertinent part: “Patricia Byrne Blair [of M & B], who states that she is counsel for all the appellants, moves to withdraw the appeal. Upon due consideration, it is hereby Ordered that the motion is GRANTED as to appellants Bernard Gelb and [UPRS]. It is hereby DENIED with respect to appellants Larry Frankel, Lillian Cowan, and Barbara Brown.” Other than a citation to Federal Rules of Appellate Procedure rule 42 (b), which governs the voluntary dismissal of appeals, the order does not state a legal reason for granting the motion as to Gelb and UPRS, while denying the motion as to the individual plaintiffs.
On April 18, 2008, Frankel signed a new retainer agreement, pursuant to which he retained M & B to represent him in the recovery of the unclaimed assets. On May 18, 2008, Kaplan, who was not listed as an attorney of record in the state action, filed a motion in the Supreme Court seeking to voluntarily discontinue the state action insofar as asserted on behalf of the individual plaintiffs, and to impose sanctions upon M & B. M & B, both on its own behalf, and on behalf of Gelb and UPRS, opposed the motion, arguing, inter alia, that the powers of attorney given by the individual plaintiffs to UPRS were irrevocable and that, pursuant to those powers of attorney, UPRS could retain an attorney-at-law of its choice to prosecute an action to recover the assets. In reply, Kaplan submitted affidavits from Frankel and Brown (hereinafter together the appellants), both averring that they wanted Kaplan to continue to represent them in the recovery of the assets, and that they never authorized M & B to commence the state action on their behalf. Without reaching the issue of whether the powers of attorney were revocable, the Supreme Court denied the motion. This appeal ensued, and we modify.
To the extent that the appellants argue that actions for identical relief cannot be pending in two different courts at the same time, we note that there is no strict legal bar to the existence of simultaneous actions concerning the same subject matter in state and federal court (see Colorado River Water Conservation Dist. v United States, 424 US 800, 817 [1976]; McClellan v Carland, 217 US 268, 282 [1910]).
*668 We reject the appellants’ argument that the Second Circuit’s order should be given collateral estoppel effect on the issue of whether the powers of attorney were in fact irrevocable. For collateral estoppel to be invoked, “[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling” (Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]; see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 199 [2008]). Furthermore, collateral estoppel is available “only when it is clear that the prior determination squarely addressed and specifically decided the issue” (O’Connor v G & R Packing Co., 53 NY2d 278, 280 [1981]). The Second Circuit’s order does not expressly determine the issue of whether the powers of attorney are revocable, nor, under the circumstances, can we say that the order “necessarily decided” that issue (see Buechel v Bain, 97 NY2d at 303). It is not appropriate to speculate as to what questions may have been considered by the Second Circuit and, therefore, we reach the issue of whether the powers of attorney were revocable.
A power of attorney that is coupled with an interest or which has been given in exchange for valuable consideration is irrevocable (see Terwilliger v Ontario, Carbondale & Scranton R.R. Co., 149 NY 86, 95 [1896], citing Hunt v Rousmanier’s Administrators, 8 Wheat [21 US] 174 [1823]; French u Kensico Cemetery, 264 App Div 617 [1942], affd 291 NY 77 [1943]; 2A NY Jur 2d, Agency § 57; see also Ravallo v Refrigerated Holdings, Inc., 2009 WL 612490, 2009 US Dist LEXIS 23353 [SD NY 2009]). In order for a power to be “coupled with an interest,” the agent must have an estate or interest of his or her own in the thing or matter underlying the power (see Farmers’ Loan & Trust Co. v Wilson, 139 NY 284, 287 [1893]; see also 2A NY Jur 2d, Agency § 56). Numerous cases have held that an agent granted the power to collect debts on behalf of a principal, who takes his or her fee out of the proceeds, does not have a power coupled with an interest (see Farmers’ Loan & Trust Co. v Wilson, 139 NY 284 [1893]; Marbury u Barnet, 17 Misc 386 [1896]; cf Babrowsky v United States Grand Lodge, Order Brith Abraham, 129 App Div 695 [1908]). Here, neither the asset recovery agreements nor the powers of attorney signed by the appellants granted UPRS an estate or interest in assets alleged to be wrongfully withheld by the defendants. The asset recovery agreements state that UPRS’s fee for recovering the assets is 20% “of the value of the unclaimed property recovered,” and the specific assets sought to be recovered are not described. Moreover, the agreements consistently refer to this percentage of the recovery *669 as a “fee.” Under these circumstances, the powers of attorney were revocable, since the powers were not coupled with an interest nor given for valuable consideration (see Terwilliger v Ontario, Carbondale & Scranton R.R. Co., 149 NY 86 [1896]).
With respect to Brown, the proof submitted was sufficient to establish that the state action should not have been commenced on her behalf, and that she had no desire to remain a party to the state action. Accordingly, that branch of the motion which sought to voluntarily discontinue the state action without prejudice insofar as commenced on behalf of Brown should have been granted.
Frankel purports to be the legal guardian of Jerome Frankel, in whose name the unclaimed assets allegedly are registered. The Supreme Court, however, correctly concluded that no proof had been submitted establishing that Frankel is indeed the legal guardian of Jerome Frankel. Thus, we agree with the Supreme Court that Frankel must establish that he is the legal guardian of Jerome Frankel before he may voluntarily discontinue the state action. Accordingly, that branch of the motion which was to voluntarily discontinue the state action without prejudice insofar as commenced on behalf of Frankel, as legal guardian for Jerome Frankel, was properly denied, although the denial should have been without prejudice to renewal.
Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the motion which was to impose sanctions upon M & B (see 22 NYCRR 130-1.1; CLR Brooklyn Realty Corp. v Shapiro, 39 AD3d 790, 792 [2007]).
The parties’ remaining contentions are without merit. Fisher, J.P., Balkin, Roman and Sgroi, JJ., concur.