■ KINGS MEDICAL MANAGEMENT, INC., Individually and as Agent and Authorized Representative of OCEAN DIAGNOSTIC IMAGING, P.C., Appellant, v BAKER, SANDERS, BARSHAY, GROSSMAN, FASS, MUHLSTOCK & NEUWIRTH, P.C., et al., Respondents. [908 NYS2d 453]—

In an action, inter alia, for an accounting and to recover certain accounts receivable, the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated March 19, 2010, which granted the defendants' motion pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 to dismiss the complaint is denied.

"On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (*see,* CPLR 3026). We accept the facts as alleged in the complaint as true, accord [the plaintiff] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). Applying these principles to the allegations in the complaint, we conclude that the Supreme Court improperly granted the defendants' motion to dismiss. The facts alleged in the complaint, along with the provisions of the management agreement appended to that pleading, support the plaintiff's position that it was the agent of Ocean Diagnostic Imaging, P.C. (hereinafter Ocean), and that the agency was coupled with an interest (*see generally 330 Acquisition Co. v Regency Sav. Bank,* 306 AD2d 154, 155 [2003]; *Lieberman v Chance,* 279 App Div 105, 107 [1951], *affd* 305 NY 701 [1953]; *Striker v Daly,* 175 App Div 620, 625 [1916], *affd* 223 NY 468 [1918]). If proven, such an agency is irrevocable and could be exercised by the plaintiff to recover previously earned funds even after the principal, Ocean, was no longer able to act as a result of the death of its sole shareholder (*see generally McNerney v Aetna Life Ins. Co.,* 284 App Div 21, 24 [1954], *affd* 308 NY 916 [1955]; *Glendening v Western Union Tel. Co.,* 163 App Div 489, 494 [1914]; *Stevens v Sessa,* 50 App Div 547, 549 [1900]). Furthermore, the complaint alleges that the plaintiff was the actual client represented by the defendant law firms in the collection of the subject accounts receivable and, therefore, was owed a fiduciary duty by the defendants. Since the defendants' submissions failed to conclusively refute this allegation and to demonstrate that dismissal of the complaint was warranted at this stage of the proceedings, their motion should have been denied. Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.